## Schranz v. Board Of Education Of Louisville et al.

May 28, 1948.

Lawrence S. Grauman for appellant.
William T. Baskett for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

At its regular 1948 session the General Assembly enacted Senate Bill 24, which became effective February 6, 1948. The bill appropriates $3,000,000 to provide a retroactive salary increase for school teachers for the current school year.

The Board of Education of the City of Louisville employs certain principals and supervisors at salaries less than $5,000 a year, but who will receive slightly more than $5,000 a year if paid the full amount due them under the appropriation made by Senate Bill 24 to supplement the salaries of teachers in common schools for the current fiscal year. Section 5 of the Act provides:

" 'Teacher,' as used in this Act, shall mean classroom teachers, principals, and supervisors included in the official salary schedule as adopted by the school district approved by the State Board of Education for the year 1947-48 school year."

A. T. Schranz, a citizen and taxpayer of Louisville, instituted this declaratory judgment proceeding, and in his petition alleged that the salary limitation in Section 246 of the Constitution is applicable to principals and supervisors employed by the Board of Education of Louisville. He made the Board of Education, Mary May Wyman, a supervisor, and William S. Milburn, a principal, defendants, and asked for a declaration of rights. An order was entered authorizing Mary May Wyman to defend on her own behalf and on behalf and for the benefit of all other supervisors employed by the Board of Education of the City of Louisville similarly situated. William S. Milburn was authorized to defend on his own behalf and on behalf and for the benefit of all other principals similarly situated. The court adjudged that the principals and supervisors employed by the Board of Education are employees and not public officers within the meaning of Section 246 of the Constitution, and, as such, are not subject to the salary limitation provided for in that section.

This appeal involves a reconsideration of our holding in the recent case of Pardue v. Miller, 306 Ky. 110, 206 S. W. 2d 75. In that case it was held that the presi-

dents and professors of the University of Kentucky and the Teachers Colleges are employees and not public officers of the state, and that the constitutional provision that no public officer except the Governor shall receive more than $5,000 per annum as compensation for official services does not apply to mere employees. The case of Talbott v. Public Service Commission of Kentucky, 291 Ky. 109, 163 S. W. 2d 33, had held otherwise, but so much of the opinion as held mere employees subject to the salary limitation in Section 246 was expressly overruled. The concluding paragraph of the opinion in the Pardue case reads (306 Ky. 110, 206 S. W. 2d 78):

"Our conclusion is that Section 246 of the Constitution is to be construed and applied as written. And it does not include a professor of the University of Kentucky. Therefore, we overrule so much of the opinion in Talbott v. Public Service Commission of Kentucky, 291 Ky. 109, 163 S. W. 2d 33, as is in conflict with this decision."

Appellant insists that the opinion in the Pardue case is unsound and should be overruled, and that the court should revert to its construction of Section 246 of the Constitution in the Talbott case. We have carefully reconsidered the question, and it is the view of the majority of the court that the opinion in the Pardue case is sound and should not be departed from. The judgment of the chancellor is in accord with this view, and it is affirmed.

Chief Justice Sims and Judge Thomas dissent for the reasons stated in the dissenting opinion in Pardue v. Miller, 306 Ky. 110, 206 S. W. 2d 75.